UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD B. MENDY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT U.S.A., INC., *et al.*,<br><br>　　　　　　　Defendants. | No. 19-cv-00135 (KM/SCM)<br><br>OPINION and ORDER |

### KEVIN MCNULTY, U.S.D.J.:

　　Plaintiff Edward B. Mendy brings this lawsuit against Home Depot U.S.A., Inc., alleging breach of contract and other claims in connection with his ordering of construction materials. Defendant has moved to dismiss the Complaint for failure to state a claim and in the alternative for a more definite statement. *See* Fed. R. Civ. P. 12(b)(6), 12(e). It is clear enough that the "contract" alleged is the purchase and sale agreement for the materials. Plaintiff is apparently alleging that an implied term of the contract was that, when he changed his mind, Home Depot was obligated to come and pick up the already-delivered materials. Home Depot disputes that there was any such obligation, but such is the allegation, and that is all that is required at this point.

### I.　　LEGAL STANDARD

　　Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable

inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.[1]

Rule 12(e), Fed. R. Civ. P., provides as follows:

(e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

---

[1] Where a plaintiff, is proceeding pro se, the complaint is generally "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). I note that Mr. Mendy, although not currently admitted to the bar, has the benefit of legal training.

## II. THE COMPLAINT

The complaint alleges that in June 2017 the plaintiff, Mr. Mendy, opened a "pro account" at Home Depot on behalf of himself and Palmetto Construction Services, LLC. In the following year he placed orders totaling approximately $100,000.

Around December 14, 2017, a contractor Mr. Mendy was using, Bolli Camara, took delivery of two Home Depot orders at a construction site in Columbia, New Jersey. Mr. Mendy then had a falling-out with the contractor. Mendy then demanded that Home Depot come pick up the delivered items, or some portion of them. Negotiations ensued. In the end, Home Depot did not pick up the materials, some of which were stolen or damaged.

The complaint alleges that "Edward B. Mendy entered into an agreement with Home Depot for the sale and purchase of goods to be delivered to the Property (the "Contract" or "Agreement")" (Cplt. ¶¶ 47, 48) Home Depot's refusal to pick up the materials is alleged to be a breach of that agreement.

The Complaint alleges causes of action for breach of contract, breach of contract as to post-termination violations, unjust enrichment, and civil conspiracy. It seeks compensatory damages, punitive damages, attorney's fees, and other relief.

## III. DISCUSSION

Home Depot's motion to dismiss makes one primary contention: The complaint "fails to allege a contract between Plaintiff and Home Depot. . . . Plaintiff's Complaint references several alleged transactions with Home Depot, but does not clearly indicate what Plaintiff is alleging as the 'contract' on which he bases his breach of contract claim." (Def. Brf. at 8)

To some degree, I sympathize. Home Depot seemingly denies that it is obligated, at Plaintiff's sole discretion, to come pick up ordered and delivered merchandise. Still, it is not true that the Complaint fails to *allege* the existence of such an agreement. It alleges that "Edward B. Mendy entered into an agreement with Home Depot for the sale and purchase of goods to be delivered to the Property (the "Contract" or "Agreement"). . . . Part of the terms of the

Agreement was the provision that Home Depot would sell the goods to plaintiff and pick them up with or without and [sic] cause or reason at Plaintiff's sole discretion as he has a Pro account with Home Depot." (Cpls. ¶¶ 47, 48)

The "Agreement" (a capitalized, defined term) is thus alleged to be the parties' agreement for the purchase and sale of the goods in question. That Home Depot would come pick up goods the plaintiff no longer wanted is alleged to be a term of that Agreement. And one reason, at least, that it is allegedly a term of that Agreement is that the plaintiff has a "Pro Account" with Home Depot.

Those allegations may be true, or they may be false. The point is that they have been made, and the Court cannot resolve such issues on a motion to dismiss. The remaining allegations of the Complaint largely stand or fall depending on the terms of the purchase/sale agreement between Mendy and Home Depot. The motion to dismiss is therefore denied.

The alternative motion for a more definite statement is likewise denied. If Home Depot denies there was any such Agreement, the allegations are sufficient to permit it to do so. Rather than engage in motion practice regarding the pleadings, Home Depot may clarify the facts and allegations through interrogatories and other discovery, which is apparently already underway.

## ORDER

Accordingly,

IT IS this 9th day of September, 2019

ORDERED that the motion to dismiss (DE 8) is DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.