# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **EDWARD B. MENDY,** | No. 19–cv–00135 (KM/ESK) |
| Plaintiff, | |
| v. | **OPINION** |
| **HOME DEPOT U.S.A., INC.,** *et al.*, | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiff Edward B. Mendy brought this lawsuit against Home Depot U.S.A., Inc., alleging breach of contract and other claims in connection with his ordering of construction materials. The chief allegation is that plaintiff's contract with Home Depot provided that, when he changed his mind, Home Depot was obligated to come and pick up the already-delivered materials and refund the purchase price. Now before the court is the motion of Home Depot for summary judgment. Plaintiff has not responded to the motion. I have nevertheless examined the merits. I conclude that the motion must be GRANTED.

## I. BACKGROUND

    The complaint alleges that in June 2017 the plaintiff, Mr. Mendy, opened a "pro account" at Home Depot on behalf of himself and Palmetto Construction Services, LLC. In the following year he placed orders totaling approximately $100,000.

    Around December 14, 2017, a contractor Mr. Mendy was using, Bolli Camara, took delivery of two Home Depot orders at a construction site in Columbia, New Jersey. Mr. Mendy then had a falling-out with the contractor. Mendy demanded that Home Depot come pick up the delivered items, or some

portion of them. Negotiations ensued. In the end, Home Depot did not pick up the materials, some of which were stolen or damaged.

The complaint alleges that "Edward B. Mendy entered into an agreement with Home Depot for the sale and purchase of goods to be delivered to the Property (the "Contract" or "Agreement") . . . . Part of the terms of the Agreement was the provision that Home Depot would sell the goods to plaintiff and pick them up with or without and [*sic*] cause or reason at Plaintiff's sole discretion as he has a Pro account with Home Depot." " (Cplt. ¶¶ 47, 48) Home Depot's refusal to pick up the materials is thus alleged to be a breach of that agreement. In particular, the obligation to take back purchased materials at plaintiff's sole discretion is said to arise from the terms of the plaintiff's "pro account" with Home Depot.

The Complaint alleges causes of action for breach of contract, breach of contract as to post-termination violations, unjust enrichment, and civil conspiracy. It seeks compensatory damages, punitive damages, attorney's fees, and other relief.

Discovery ensued, but it did not go smoothly. Suffice it to say that the documents produced by the plaintiff did not include any contract or other document reflecting the alleged obligation to take back purchased materials at plaintiff's discretion. (*see* DE 49-2 at 4) On January 4, 2021, Magistrate Judge Kiel ordered the plaintiff to produce certain documents by January 22, 2021, and ruleed that fact discovery would close on March 31, 2021. (DE 46) The documents were not produced. Mr. Mendy failed to appear for a telephone status conference on April 7, 2021. Judge Kiel entered an order confirming that fact discovery was closed, and authorized Home Depot to file a motion for summary judgment. (DE 48)

Home Depot filed this summary judgment motion on May 14, 2021. (DE 49) Mr. Mendy has not filed any response.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "A fact is material if—taken as true—it would affect the outcome of the case under governing law. And a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *M.S. by and through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (quotation marks and citation omitted).

As noted, Mr. Mendy filed no response to Home Depot's motion for summary judgment. Rule 56(c) states that the court need only consider the materials cited by the parties, although it may consider other materials in the record. If a party fails to address the other party's properly supported assertion of fact, the court may consider "grant[ing] summary judgment if the motion and

supporting materials—including the facts considered undisputed—show that the movant is entitled to it ....." Fed. R. Civ. P. 56(e).

Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement. L. Civ. R. 56(a). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); see also *Batista v. City of Perth Amboy*, No. CV 15-2833 (KM)(MAH), 2020 WL 1329980, at *1 (D.N.J. Mar. 23, 2020). "In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, ... the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law.'" *Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555 (D.N.J. July 6, 2010) (quoting *Anchorage Assocs.*, 922 F.2d at 175)).[1]

### III. DISCUSSION

Count I of the Complaint asserts a claim of breach of contract. A claim of breach of contract has four essential elements: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Under New Jersey law a contract is only enforceable if it is "sufficiently definite in its terms that the performance to be rendered by each party can be reasonably ascertained."

---

[1] Apart from Mr. Mendy's failure to respond to this motion, Home Depot points to delays or failures to produce discovery, repeated failures to appear for conferences, and other procedural shortcomings. (DE 49-2 at 3 n.1) In that connection, I point out that Mr. Mendy is no ordinary pro se litigant. He holds a law degree and was formerly a member of the Louisiana bar. Hence he will receive no special consideration here.

*Savarese v. Pyrene Mfg. Co.*, 89 A.2d 237, 239 (N.J. 1952) (citations omitted); *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) (courts generally hold that an agreement is unenforceable "[w]here parties do not agree to one or more essential terms.").

Possible "contracts" upon which the plaintiff may be relying include the terms of Mendy's "pro account" at Home Depot (Cplt. ¶¶ 9-10, 47–48); his order of materials for construction at a property in Columbia, New Jersey (Cplt. ¶ 11); and his order of tile for a property in Oak Ridge, New Jersey (Cplt. ¶ 38). The alleged contractual obligation that Home Depot breached was a duty to retrieve and accept the return of materials purchased by plaintiff, at plaintiff's sole discretion.

Nothing in the record before me constitutes evidence of a contract, oral or written, containing any such provision.[2] Summary judgment is granted on Count I.

Count II alleges "Breach of Contract as to Post Termination Violations." It is frankly nearly unintelligible. It alleges that Plaintiff requested "affirmation of the Contract, affirmation of Plaintiff's right to purchase the Property and Plaintiff's right to continue its inspection of the Property." Defendant allegedly "failed to honor its contract with Plaintiffs, post termination." (Cplt. ¶¶ 68–69) These allegations bear no relation to any of the possible "contracts" referred to in the Complaint. No contract between the plaintiff and Home Depot concerning the purchase of the property is even alleged. No facts concerning inspection of the property or a right to purchase, or any role of Home Depot in any such arrangements, appear in the record. Summary judgment is therefore granted on Count II.

Count III alleges unjust enrichment, which requires proof that

---

[2] Home Depot's Statement of Facts recounts efforts to obtain any such evidence from the plaintiff in discovery. (DE 49-2 at 3–4)

There is also a brief reference to diversion of merchandise deliveries by "John Doe" employees of Home Depot. (Cplt. ¶¶ 11–13) Nothing in the record before the court would substantiate such a claim.

> "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *In re K–Dur,* 338 F. Supp. 2d at 544 (quoting RESTATEMENT OF RESTITUTION 1 (1937)). Further, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.,* 135 N.J. 539, 554, 641 A.2d 519 (1994).

*Maniscalco v. Brother Int'l Corp. (USA),* 627 F. Supp. 2d 494, 505 (D.N.J. 2009)

There is no dispute that the goods were delivered and paid for. The unjust enrichment theory must be that it is inequitable for Home Depot to retain the purchase price, instead of picking up the goods from the construction site and issuing a refund. To begin with, it is difficult to find anything inequitable about an even exchange of goods for value. And Home Depot is not responsible for whatever situation arose between the plaintiff and his contractor, so that he no longer wanted the materials he had purchased. So if there is any entitlement, legal or equitable, to force Home Depot to retrieve the material, it must be a contractual one. For the reasons expressed above, no such contractual entitlement has been demonstrated. Summary judgment is therefore granted on Count III.

Count IV alleges a claim of civil conspiracy, *i.e.,* a " 'combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or an injury upon another, and an overt act that results in damage.' " *LoBiondo v. Schwartz,* 199 N.J. 62, 102, 970 A.2d 1007, 1029–30 (2009) (citing *Banco Popular N. Am. v. Gandi,* 184 N.J. 161, 177–78, 876 A.2d 253 (2005)). However, "a claim for civil conspiracy cannot survive without a viable underlying tort[.]" *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.,* 784 F. Supp. 2d 508, 533 (D.N.J. 2011); *INDECS Corp. v. Claim DOC, LLC,* No. CV164421KMJBC, 2020 WL 5868796, at *8 (D.N.J. Oct. 2, 2020).

The complaint generally alleges that Home Depot conspired with its own employees and with plaintiff's contractor. This allegation remains at the speculative level. The record before me contains no evidence of a connection between Home Depot and the contractor. The "John Doe" employees of Home Depot have never been identified. No facts suggesting formation of an agreement are alleged. No evidence of, *e.g.,* the "diversion" of shipments alleged in the Complaint appears in the record before the Court. Nor is an underlying wrong that is the object of the conspiracy established. Accordingly, summary judgment is granted on Count IV.

Counts V and VI seek punitive damages and attorney's fees. Summary judgment is granted because either would depend on plaintiff's having prevailed on some substantive claim for relief, which he has not. I therefore do not discuss any other deficiencies, such as the unavailability of punitive damages in contract actions or the plaintiff's *pro se* status.

## CONCLUSION

For the foregoing reasons, the motion (DE 49) of defendant Home Depot for summary judgment is GRANTED in its entirety. The clerk shall close the file.

/s/ Kevin McNulty

_____

**HON. KEVIN MCNULTY, U.S.D.J.**